```
 1  AKIN GUMP STRAUSS HAUER & FELD LLP
    JULIA I. DE BEERS (SBN 233811)
 2  jdebeers@akingump.com
    2029 Century Park East
 3  Suite 2400
    Los Angeles, CA 90067
 4  Telephone:    310-229-1000
    Facsimile:    310-229-1001
 5
    Attorneys for Plaintiffs
 6  DEUTSCHE BANK TRUST COMPANY AMERICAS,
    LAW DEBENTURE TRUST COMPANY OF NEW
 7  YORK, AND WILMINGTON TRUST COMPANY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>FIRST REPUBLIC BANK, et al.<br><br>    Defendants. | **CLASS ACTION**<br><br>Case No. CV 11-2634 JCS<br><br>**STIPULATION TO EXTEND TIME FOR QUINN MARTIN DOLAN TO RESPOND TO COMPLAINT (Local Rule 6-1(a))** |

# STIPULATION TO EXTEND TIME FOR
# DEFENDANT QUINN MARTIN DOLAN TO RESPOND TO COMPLAINT

Pursuant to Local Rule 6-1, Plaintiffs Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Plaintiffs") by and through their counsel, and Defendant Quinn Martin Dolan hereby stipulate and agree that the time for Defendant Quinn Martin Dolan to answer or otherwise respond to the Complaint is extended by sixty days from the date the response to the Complaint would have been due (i.e., 81 days after service of the Complaint, not counting the day it was received), unless the Court orders otherwise.

In accordance with N.D. Cal. General Order No. 45, Section X, the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatory hereto. A scanned image of the signature page is attached hereto.

Dated: June 29, 2011                           AKIN GUMP STRAUSS HAUER & FELD LLP


                                               By_____/s/ Julia I. De Beers_____
                                                       Julia I. De Beers
                                                    Attorneys for Plaintiffs
                                               DEUTSCHE BANK TRUST COMPANY AMERICAS
                                                 LAW DEBENTURE TRUST COMPANY OF NEW
                                                 YORK AND WILMINGTON TRUST COMPANY


Dated: June 28, 2011

                                               By_____/s/ Quinn Martin Dolan_____
                                                       Quinn Martin Dolan
                                                           Defendant

# STIPULATION TO EXTEND TIME FOR
# DEFENDANT QUINN MARTIN DOLAN TO RESPOND TO COMPLAINT

Pursuant to Local Rule 6-1, Plaintiffs Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Plaintiffs") by and through their counsel, and Defendant Quinn Martin Dolan hereby stipulate and agree that the time for Defendant Quinn Martin Dolan to answer or otherwise respond to the Complaint is extended by sixty days from the date the response to the Complaint would have been due (i.e., 81 days after service of the Complaint, not counting the day it was received), unless the Court orders otherwise.

In accordance with N.D. Cal. General Order No. 45, Section X, the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatory hereto. A scanned image of the signature page is attached hereto.

Dated: _____, 2011        AKIN GUMP STRAUSS HAUER & FELD LLP


By_____
Julia I. De Beers
Attorneys for Plaintiffs
DEUTSCHE BANK TRUST COMPANY AMERICAS
LAW DEBENTURE TRUST COMPANY OF NEW
YORK AND WILMINGTON TRUST COMPANY


Dated: June 28, 2011

By_____
Quinn Martin Dolan
Defendant

Dated: June 30, 2011

*IT IS SO ORDERED*
Judge Joseph C. Spero
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On June 29, 2011, I served the foregoing document(s) described as: **STIPULATION TO EXTEND TIME FOR QUINN MARTIN DOLAN TO RESPOND TO COMPLAINT (Local Rule 6-1(a))** on the interested party(ies) below, using the following means:

Quinn Martin Dolan
1260 Magnolia Drive
Concord, CA  94520-4033

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on June 29, 2011, at Los Angeles, California.

Jennifer Fukai
[Print Name of Person Executing Proof]          [Signature]